UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| FLEET FORCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-04-S-1333-NW |
| ) | |
| BERKLEY RISK ) | |
| ADMINISTRATION COMPANY, ) | |
| L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

This action is before the court on plaintiff's motion to remand (doc. no. 4). Fleet Force, Inc., commenced this action in the Circuit Court of Franklin County, Alabama, against defendants Berkley Risk Administration Company, L.L.C. ("BRAC"), a Minnesota limited liability company, Key Risk Insurance Company ("Key Risk"), and Gurley Cooke Agency, Inc. ("GCA"), an Alabama corporation, alleging breach of contract, bad faith, and fraud.[1] Defendants removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a)(1), asserting that GCA had been fraudulently joined and that plaintiff cannot possibly recover against GCA on its claims for breach of contract, bad faith, or fraud.[2]

---

[1] *See* Notice of Removal (doc. no. 1).
[2] *See id.* at ¶ 9.

Plaintiff moves to remand, arguing both procedural and jurisdictional defects preclude removal. Plaintiff first points out that the removal petition is procedurally flawed in that GCA did not join in the notice of removal, thus violating the rule of unanimity. Relatedly, plaintiff argues that GCA has not been fraudulently joined and, thus, complete diversity is lacking to support jurisdiction in this court.

A removing defendant bears the burden of proving that federal jurisdiction exists. *See, e.g., Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001)); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

The "unanimity requirement" mandates that, in cases involving multiple defendants, all defendants properly joined and served must consent to removal. *See* 28 U.S.C. § 1446(b); *see also Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48, 20 S. Ct. 854, 44 L. Ed. 1055 (1900); *In re Ocean Marine Mutual Protection and Indemnity Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir.1993); *In re*

*Federal Sav. & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir.1988); *In re Federal Savings and Loan Insurance Corporation*, 837 F.2d 432, 434 (11th Cir. 1988)).[3] Defendants argue that an exception to the unanimity rule should be recognized when the non-consenting defendant has been fraudulently joined.[4]

This argument begs the question whether defendant GCA has been fraudulently joined. The filing of a frivolous or other illegitimate claim against a non-diverse defendant is "fraudulent joinder," and a district court may disregard the citizenship of such defendants when assessing the existence of "complete diversity," or not. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). The doctrine of fraudulent joinder thus is an exception to the requirement that parties be completely diverse, and provides that an action may be removed from a state court, despite a lack

---

[3] Nonetheless, "nominal or formal parties, unknown defendants, and defendants fraudulent joined may be 'disregarded in determining whether the removing defendants have complied with § 1446(a).'" *Woods v. Firestone Tire & Rubber Co.*, 560 F. Supp. 588, 590 (S.D. Fla. 1983) (quoting *McKinney v. Rodnet C. Hunt Co.*, 464 F. Supp. 59 (W.D. N.C. 1978), and citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman and Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970)).

[4] Defendant cites *Hernandez v. Seminole County, Florida*, 334 F.3d 1233 (11th Cir. 2003) for the proposition that it is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal. *See* Response to Plaintiff's Motion to Remand at 1 (doc. no. 7). Defendant even purports to quote *Hernandez* for this proposition, although defendant conveniently omits any pinpoint page citation for its quote to the *Hernandez* decision. *See id. Hernandez* does not stand for that proposition. Instead, the Eleventh Circuit in *Hernandez* held that it did not have appellate jurisdiction to review the decision of the district court remanding the case. In *Hernandez* the removing defendants argued that the district court should have disregarded non-consenting defendants for removal purposes due to their status as nominal parties. The district court in that case disagreed, found the holdout defendants were not nominal parties, and remanded the matter to state court. 334 F.3d at 1235.

of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Joinder of a party under Federal Rule of Civil Procedure 20(a)[5] will be deemed fraudulent if it is done solely to defeat diversity jurisdiction.

Traditionally, courts have deemed a joinder to be "fraudulent" in two situations: "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at 1287; *see also, e.g., Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.") (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). Defendants bear the burden of proving

---

[5] Federal Rule of Civil Procedure 20(a) provides:

All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

4

fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Defendants contend there is no possibility that plaintiff can establish a cause of action against GCA. The court disagrees. Plaintiff's complaint, although no model of precision, states a cognizable cause of action against GCA for misrepresentation.[6] *See* Ala. Code § 6-5-101 (1975) (1993 Repl. Vol.).

Defendants' arguments to the contrary border on the disingenuous. For example, defendants cite *Owens v. Life Insurance Company of Georgia*, 289 F. Supp. 2d 1319 (M.D. Ala. 2003), as a case "nearly identical to the case at bar."[7] Defendants argue that *Owens* stands for the proposition that insurance agents cannot be sued for fraud or misrepresentation because reliance on their oral statements that contradict documents is not reasonable. Thus, according to defendants, removal in *Owens* was proper and the insurance agent was fraudulently joined. Such an argument does not bear close scrutiny.

In *Owens*, the district court found fraudulent joinder of an insurance agent

---

[6]*See* Complaint, ¶¶ 1, 2, 6. Ala. Code § 6-5-101 provides:

**Fraud — Misrepresentations of material facts.**

Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.

[7]*See* Defendants' Response to Plaintiff's Motion to Remand at 5.

because it was impossible for plaintiff to recover against the agent on his time-barred claim. The statute of limitations had expired. The language quoted by defendants from *Owens* has been taken out of context. The discussion of the misrepresentation/fraud claims in *Owens* involved an analysis of whether the statute of limitations should be tolled — not whether an insurance agent can be sued for fraud or misrepresentation. 289 F. Supp. 2d at 1325-26.

Defendants have the burden of establishing removal jurisdiction. Defendants have failed to meet that burden. Accordingly, plaintiff's motion to remand is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 24th day of August, 2004.

_____
United States District Judge